UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIREZA NASSER,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH B. EDLOW, Director, United States Citizenship and Immigration Services, et al.,<br><br>Respondents. | CASE NO. 2:25-cv-01598-TL<br><br>ORDER ON MOTION TO STAY |

Petitioner filed suit against Respondents, including the United States Citizenship and Immigration Services ("USCIS"), in an effort to bring to completion the adjudication of his naturalization application. *See* Dkt. No. 1 (petition) at 1. This matter is before the Court on Respondents' Motion to Stay in Light of Lapse of Appropriations (Dkt. No. 6). Having considered the motion, Petitioner's opposition (Dkt. No. 7), Respondents' reply (Dkt. No. 8), and the relevant record, the Court GRANTS Respondents' motion.

District courts have inherent power to stay proceedings in cases. *See Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010).

The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay proceedings, a court should weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)) (internal quotation marks omitted).

At the end of the day on September 30, 2025, funding to the Department of Justice ("the Department") expired, and the Department's appropriations lapsed. Dkt. No. 6 at 2. The Department, not USCIS, is responsible for responding to civil litigation like this case. *See id.* at 3. Absent an appropriation, certain Department attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." *Id.* at 2 (citing 31 U.S.C. § 1342). The term "'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." 31 U.S.C. § 1342.

The lapse in appropriations has required a reduction in the workforce of the United States Attorney's Office—which is part of the Department—particularly with respect to the Department's provision of defense in civil cases. *See* Dkt. No. 6 at 2. Respondents represent that, during the lapse in appropriations, many attorneys and other staff important to working on this

case will be unavailable.. *Id.* at 3. Although the Court understands Petitioner's frustration, he presents no facts to suggest the existence of an emergency concerning the safety of human life or protection of property. *See* Dkt. Nos. 1, 7. Nor does Petitioner's response brief address what damage may result from the granting of a stay. Therefore, the Court finds good cause to stay the above captioned proceeding.

Accordingly, the Court ORDERS as follows:

1. Respondents' motion to stay (Dkt. No. 6) is GRANTED. The above captioned proceeding is STAYED for the duration of the current lapse of appropriations.
2. This stay SHALL BE lifted automatically and immediately, as soon as the lapse of appropriations has ended.
3. **Within ten (10) court days** after the restoration of funding, the Parties SHALL meet and confer and file a joint status report proposing new deadlines to the Court.

Dated this 10th day of November 2025.

Tana Lin
United States District Judge